### STATE OF CONNECTICUT *v.* AUGUSTINE RAGOZZINO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 6-4240

Argued November 3, 1961—decided January 8, 1962

*John M. Chapnick,* of New Haven, for the appellant (defendant).

*Harry Koletsky,* assistant prosecuting attorney, for the appellee (state).

MISSAL, J. The defendant was charged with the crime of policy playing, in violation of § 53-298 of the General Statutes. He was tried to the court and found guilty and has appealed from the judgment rendered. The only question for determination is whether the evidence supports the court's conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt.

There was no request for a finding of facts, and no finding of facts was made. A transcript of the record was presented for the purpose of this appeal.

The basic facts are undisputed. The state's only witness was John A. Bashta, a detective of the

special services division of the New Haven police department. He testified, in essence, that he entered the premises leased by a partnership, the accused being one of the partners in a wholesale produce business, with a search warrant. The leased premises are described as a large storage room with a smaller room to the left which is used as an office. In this storage room, near where the office was located, was a green filing cabinet. Next to the filing cabinet on the floor Detective Bashta found a paper which was admitted into evidence as state's exhibit A. In the office on a stand-up desk which the accused used in connection with his business was found a large envelope which was admitted into evidence as state's exhibit B. State's exhibit A could not be considered as being in the custody of the accused and hence will not be further discussed in this opinion. State's exhibit B consisted of a large manila envelope addressed to the accused's partnership business and it had apparently been used as scrap paper by the accused to make notes. The front of the envelope had pencil and ink multiplication and addition problems. On the left-hand side of the front of state's exhibit B are some scratched-out numbers which are scarcely legible. Detective Bashta identified these as "everyday lottery bets."

The accused was the only witness in his own behalf. He testified that state's exhibit B was on his desk and admitted that almost all of the figures were written by him but did not recall whether he had written the scratched-out numbers identified by Detective Bashta as "everyday lottery bets."

Section 53-298 of the General Statutes is a very broad statute. It is evident from reading the transcript that both the state and the defendant based the prosecution on an alleged violation of the portion of § 53-298 which provides: "Any person . . . who . . . keeps, or is the custodian of, any

slips, tokens, papers, books, records or registers of bets or wagers . . . shall be fined not more than one hundred dollars or imprisoned not more than six months or both." There are two elements necessary to constitute a violation of this portion of this statute. First, it must be established that the slip in question was a policy slip within the meaning of the statute. *State* v. *Jiminez,* 22 Conn. Sup. 340. Detective Bashta identified as "everyday lottery bets" certain numbers on state's exhibit B. This identification was not seriously challenged by the defendant. The defendant also did not challenge the expert qualifications of Detective Bashta. Therefore, this testimony must stand, and from it the court could reasonably conclude that the slip was a policy slip within the meaning of the statute. Ibid.

Secondly, the state was required to prove beyond a reasonable doubt that the defendant kept or was the custodian of the particular slip. Evidence of the actual making of a bet or wager was not required. *State* v. *Fico,* 147 Conn. 426, 431; *State* v. *DelVecchio,* 145 Conn. 549, 551; *State* v. *Genova,* 141 Conn. 565, 568. There was undisputed evidence that the stand-up desk in the office of the leased premises was in the possession of the defendant and that he kept his papers on this desk. From this the court would be justified in coming to the conclusion that the defendant was the "custodian" of the slip. *State* v. *Johnson,* 140 Conn. 560.

Upon all the evidence presented, the trial court was warranted in concluding that the defendant was the custodian of a policy slip in violation of the portion of § 53-298 of the General Statutes recited above.

There is no error.

In this opinion ALEXANDER and WILLIAMS, Js., concurred.